UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| TECUMSEH MAYES, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 5:19-cv-01293-LSC-JHE |
| JUSTIN STEPHENS, et al., | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On August 5, 2020, the magistrate judge entered a Report and Recommendation, (doc. 30), recommending Petitioner Tecumseh Mayes's 28 U.S.C. § 2241 petition for *habeas corpus* relief be dismissed without prejudice as unexhausted. (Doc. 30). Mayes has filed objections to the report and recommendation, contending that (1) his claims are exhausted, (2) the magistrate judge failed to address his double jeopardy claim, and (3) the magistrate judge failed to address his argument regarding the statute of limitations. (Doc. 31). The court addresses those objections below.

The magistrate judge found Mayes's petition presented only one plausible claim: a violation of Mayes's right to a speedy trial, which Mayes had failed to exhaust in state court. (Doc. 30 at 9). Mayes argues that he fully exhausted his claims by filing mandamus petitions in the Alabama Court of Criminal Appeals and Alabama Supreme Court. (*Id*. at 1). Proper exhaustion under 28 U.S.C. § 2241 requires Mayes to fairly present his claims in accordance with the Alabama procedures available to him in the state's trial and appellate courts. With regard to the alleged failure to afford him a speedy trial, the proper procedure is to file a motion in the Town Creek Municipal Court, the court currently presiding over his charges, and demand dismissal of the charges against him on the

1

grounds that his right to a speedy trial has been violated.[1] *Ex parte Anderson*, 979 So. 2d 777, 780 (Ala. 2007). Mayes has not filed such a motion in the Town Creek Municipal Court, nor has he ever explained why the municipal court cases have been repeatedly continued and whether he requested any of the delays. In any event, if Mayes's motion to dismiss fails, he may also file a petition for writ of habeas corpus pursuant to Ala. Code § 15-21-1. *See Crandle v. Oliver*, No. CV 1:17-00562-WS-N, 2018 WL 1041582, at *4 (S.D. Ala. Jan. 23, 2018), *report and recommendation adopted,* No. CV 1:17-00562-WS-N, 2018 WL 1037053 (S.D. Ala. Feb. 23, 2018). Mayes's objection is **OVERRULED**.

Mayes also complains Respondents did not address the double jeopardy issue. (Doc. 31 at 1). However, the magistrate judge considered the claim and correctly reported that "Mayes supplies nothing to conclude that jeopardy had attached to his original charges." (Doc. 30 at 8) (quoting *United States v. McIntosh*, 580 F.3d 1222, 1227 (11th Cir. 2009) (citations omitted) ("[J]eopardy attaches when a jury is empaneled and sworn [in a jury trial] or the court begins to hear evidence in a bench trial . . . ."). Regardless, like his speedy trial claim, Mayes has never filed a motion concerning the double jeopardy claim in the Town Creek Municipal Court and thus would not have exhausted it in any case. Accordingly, this objection is **OVERRULED**.

Finally, Mayes contended the magistrate judge failed to address the September 11, 2017, dismissal of the original charges against him and his claims that the prosecution not only failed to timely refile the charges against him within the statute of limitations but also added a new charge

---

[1] As the magistrate judge noted, Mayes refused to pay the filing fee or file an indigent application for his petition in the Alabama Supreme Court. (Doc. 30 at 10). Even if mandamus were an appropriate means to exhaust Mayes's claims, his failure to properly present a petition would mean that he has not actually exhausted his claim through that means.

against him with the refiling. (Doc. 31 at 1-2). However, the magistrate judge clearly addressed these claims in his report, (doc. 30 at 2-3, 8-9), and Mayes has not demonstrated that the report contains any errors of fact or law in connection therewith. As such, his objections are **OVERRULED**.

Having carefully considered *de novo* all the materials in the court file, including the report and recommendation and the objections, the court is of the opinion that the magistrate judge's report is due to be **ADOPTED** and the recommendation **ACCEPTED**. Accordingly, Mayes's petition for writ of *habeas corpus* is due to be **DISMISSED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** on September 1, 2020.

L. Scott Coogler
United States District Judge

160704